JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
CREE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREE, INC., a North Carolina Corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>ILMG CORPORATION, a Missouri Corporation; LUMITACT, INC., a Missouri Corporation; JOHN K. LEWELLEN III a/k/a TREY LEWELLEN, an Individual; BRYCLEN LEWELLEN, an Individual; and DOES 1-10, Inclusive,<br><br>       Defendants. | Case No.:  2:16-cv-06820<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200].**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff CREE, INC. ("Plaintiff"), to hereby file its Complaint for Damages and Declaratory Relief ("Complaint") against Defendants ILMG CORPORATION, LUMITACT, INC., JOHN K. LEWELLEN III a/k/a TREY LEWELLEN, BRYCLEN LEWELLEN, and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a North Carolina corporation, having its principal place of business at 4600 Silicon Drive, Durham, North Carolina.

2.     Plaintiff owns and operates the Santa Barbara Technology Center, located at 340 Storke Road, Goleta, California, which conducts research and development, sales and clerical functions for Plaintiff within the Central District of California.

3.     Plaintiff is informed and believes that Defendant ILMG CORPORATION is, at the time of the filing of this Complaint and at all intervening times, a business incorporated in the State of Missouri that conducts business in the State of California.

4.     Plaintiff is informed and believes that Defendant LUMITACT, INC., is, at the time of the filing of this Complaint and at all intervening times, a business incorporated in the State of Missouri that conducts business in the State of California.

5.     Plaintiff is informed and believes that Defendant JOHN K. LEWELLEN III is, at the time of the filing of this Complaint and at all intervening times, an individual also known as TREY LEWELLEN and a principal of Defendants ILMG CORPORATION and LUMITACT, INC.

6.     Plaintiff is informed and believes that Defendant BRYCLEN LEWELLEN is, at the time of the filing of this Complaint and at all intervening times, an individual and a principal of Defendants ILMG CORPORATION and LUMITACT, INC.

7.     Plaintiff is informed and believes that at the time of their creation, now, and at all times relevant to this Complaint, Defendants ILMG CORPORATION and LUMITACT, INC. did not and do not have sufficient funding to assume responsibility for their foreseeable and actual liabilities.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

8.     Plaintiff is informed and believes that since the time of their creation, now, and at all times relevant to this Complaint, Defendants ILMG CORPORATION and LUMITACT, INC. were undercapitalized.

9.     Plaintiff is informed and believes that since the time of their creation, now, and at all times relevant to this Complaint, Defendants ILMG CORPORATION and LUMITACT, INC. failed to observe corporate formalities required by law.

10.     Plaintiff further alleges, on information and belief, that Defendants JOHN K. LEWELLEN III and BRYCLEN LEWELLEN are the alter egos of Defendants ILMG CORPORATION and LUMITACT, INC., and that Defendants JOHN K. LEWELLEN III and BRYCLEN LEWELLEN personally directed and benefited from the infringing activities of Defendants ILMG CORPORATION and LUMITACT, INC.

11.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend or seek leave to amend this pleading accordingly.

12.     Plaintiff further alleges that Defendants ILMG CORPORATION, LUMITACT, INC., JOHN K. LEWELLEN III, BRYCLEN LEWELLEN, and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

13.     Plaintiff is informed and believes and thereon allege that at all times mentioned herein Defendants ILMG CORPORATION, LUMITACT, INC., JOHN K. LEWELLEN III, BRYCLEN LEWELLEN, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    scope of that agency, service or employment.

2    ## JURISDICTION / VENUE

3        14.    This Court has subject matter jurisdiction over this matter pursuant to

4    28 United States Code ("U.S.C.") §§1331 and 1338 (a) and (b), in that the case

5    arises out of claims for trademark infringement, false designation of origin/false or

6    misleading advertising/unfair competition, and dilution under the *Lanham Act* (15

7    U.S.C. §1051 *et seq.*).   This Court also has supplemental jurisdiction over the

8    California state law claim pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

9        15.    This Court has specific personal jurisdiction over Defendants as

10   Defendants have expressly aimed and targeted the tortious activities of trademark

11   infringement, false designation of origin/unfair competition, and dilution at the

12   State of California and/or Defendants have sufficient minimum contacts with this

13   District such that the exercise of jurisdiction over Defendants by this Court does not

14   offend traditional notions of fair play and substantial justice. Among other things,

15   Defendants own, operate, control and sponsor highly interactive, commerce-

16   enabled Internet websites which are used to advertise, offer for sale, sell and

17   distribute flashlights to consumers using Plaintiff's registered trademarks.

18   Defendants purposefully direct, aim and target infringing activities at the State of

19   California and require buyers who purchase the infringing flashlights from

20   Defendants through their highly interactive, commerce-enabled Internet websites to

21   consent to jurisdiction in the State of California and, specifically, within this District

22   for any claims in relation to said purchases.

23       16.    Additionally, specific personal jurisdiction exists over Defendants

24   because, on information and belief, Defendants conduct business in California and

25   in this District, flashlights advertised for sale using Plaintiff's registered trademarks

26   were purchased from California and Defendants purposefully shipped these

27   infringing flashlights to buyers in California.   Defendants' actions within this

28   District, where Plaintiff has business operations, have directly interfered with and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

damaged Plaintiff's business operations and harmed Plaintiff's goodwill within the State of California.

17.     Venue is proper in this District, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to specific personal jurisdiction within this District, a substantial part of the events giving rise to Plaintiff's claims against Defendants occurred within this District, and Defendants have consented to venue in this District by requiring their buyers who purchase the infringing flashlights from Defendants through their highly interactive, commerce-enabled Internet websites to consent to jurisdiction and venue in the State of California and, specifically, within the Central District of California for any claims raised in relation to said purchases.

## GENERAL ALLEGATIONS

### Plaintiff and their Well-Known CREE® Brand and Products

18.     Plaintiff was founded in 1987 as a manufacturer of silicon carbon ("SiC") wafers.  Building on its success with SiC, Plaintiff began developing innovative light emitting diodes ("LED") for use in a variety of applications and introduced numerous LEDs in the 1990s and 2000s.

19.     Plaintiff is a market-leading innovator in the design, development, manufacture, and sale of LEDs, lighting products using LEDs, semiconductor products for RF applications, and a variety of other products under various trademarks, including but not limited to the CREE® marks.  Plaintiff's CREE®-branded products and marks have achieved great success since their introduction at least as of July 1990.

20.     Plaintiff's lighting and related products have earned a reputation for innovation, quality and performance.  Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its CREE® marks and products.  Plaintiff has spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiff's

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

products and services.

21.   Through the extensive use of Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its entire product line.   Wide arrays of newspapers, magazines and television networks have included advertising of Plaintiff's products, which are immediately identified by Plaintiff's marks.

22.   As a result of the quality and popularity of the CREE®-branded products, including Plaintiff's LED products, the CREE® marks have been prominently placed in the minds of the public.   Consumers, purchasers and the members of the public have become familiar with Plaintiff's intellectual property and products, and have come to recognize the CREE® marks and products, and associate them exclusively with Plaintiff.   Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.   Indeed, the CREE® marks are famous in the United States and around the world.

23.   While Plaintiff has gained significant common law trademark and other rights in its CREE® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining numerous federal trademark registrations.   This includes registration for the following non-exhaustive list of Trademarks (collectively referred herein as "CREE® Trademarks").   The registration certificates for the CREE® Trademarks are attached hereto as **Exhibits "A"** - **"DD,"** respectively:

      A.   CREE: United States Patent and Trademark Office ("USPTO") Reg. No.: 2,440,530, Registered April 3, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;

      B.   CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 2,452,761, Registered May 22, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting

diodes, photodiodes, and silicon carbide semiconductor wafers;

C.      CREE LEDS [AND DESIGN]: USPTO Reg. No.: 3,360,315, Registered December 25, 2007, for optoelectronic devices and materials, namely, light emitting diodes, packaged light emitting diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

D.      CREE LED LIGHTING SOLUTIONS: USPTO Reg. No.: 3,526,887, Registered November 4, 2008, for light emitting diodes and light fixtures;

E.      CREE LED LIGHTING [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,891,756, Registered December 21, 2010, for light emitting diodes and light fixtures;

F.      CREE LED LIGHTING: USPTO Reg. No.: 3,891,765, Registered December 21, 2010, for light emitting diodes and light fixtures;

G.      CREE TRUEWHITE TECHNOLOGY [AND DIAMOND DESIGN]: USPTO Reg. No.: 4,286,398, Registered February 5, 2013, for light fixtures;

H.      CREE TRUEWHITE TECHNOLOGY [AND DESIGN]: USPTO Reg. No.: 4,099,381, Registered February 14, 2012, for light fixtures;

I.      CREE TRUEWHITE: USPTO Reg. No.: 4,029,469, Registered September 20, 2011, for light emitting diodes;

J.      CREE TRUEWHITE: USPTO Reg. No.: 4,091,530, Registered January 24, 2012, for light emitting diode lighting

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

fixtures and lighting fixtures;

K. CREE: USPTO Reg. No.: 3,935,628, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

L. CREE: USPTO Reg. No.: 3,935,629, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

M. CREE: USPTO Reg. No.: 3,938,970, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing technical advice related to the manufacture of semiconductor devices;

N. CREE: USPTO Reg. No.: 4,026,756, Registered September 13, 2011, for contract foundry design, testing and engineering services in the field of semiconductor materials and devices;

O. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,630, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

P. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,631, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

Q. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,938,971, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing technical advice related to the manufacture of semiconductor devices;

- 8 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

R.   CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 2,922,689, Registered February 1, 2005, for contract foundry design, testing and engineering support services in the field of semiconductor materials and devices;

S.   CREE LED LIGHT [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,327,299, Registered October 30, 2007, for optoelectronic devices and materials, namely light emitting diodes, photodiodes, packaged light emitting diodes, laser diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

T.   [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,141, Registered July 19, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

U.   [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,142, Registered July 19, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

V.   CREE [AND DESIGN]: USPTO Reg. No.: 4,233,855, Registered October 30, 2012, for light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

W.   CREE [AND DESIGN]: USPTO Reg. No.: 4,234,124, Registered October 30, 2012, for light emitting diodes, photodiodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

X.   CREE: USPTO Reg. No.: 4,641,937, Registered November 18, 2014, for apparatus and instruments for switching, transforming,

- 9 -

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

regulating or controlling electricity; electrical integrated control systems for use in the fields of lighting, LED lighting, and security, electric switches, electrical controllers, electronic circuits and electric components for lighting, namely, electrical lighting controllers, electric light dimmers, sensors, electric transmitters and receivers for lighting; control software for lighting; wireless remote controls for lighting; calibration equipment, namely, sensors and electrical controllers for lighting; power supplies; electronic driver circuits; modules, namely, power modules and lighting modules and networking hardware, namely, lighting network hardware;

Y.     CREE LEDS [AND DESIGN]: USPTO Reg. No.: 4,558,924, Registered July 1, 2014, for light emitting diode lighting fixtures, light bulbs, lighting fixtures, spotlights, lanterns, and headlamps;

Z.     CREE: USPTO Reg. No.: 4,597,310, Registered September 2, 2014, for lighting design and lighting technology specification services pertaining to exterior and/or interior commercial, industrial, and/or residential applications;

AA.     CREE [AND DESIGN]: USPTO Reg. No.: 4,597,311, Registered September 2, 2014, for lighting design and lighting technology specification services pertaining to exterior and/or interior commercial, industrial, and/or residential applications;

BB.     CREE: USPTO Reg. No.: 4,767,107, Registered July 7, 2015, for downloadable webinars in the field of lighting, and for educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

CC.   CREE [AND DESIGN]: USPTO Reg. No.: 4,771,402, Registered July 14, 2015, for downloadable webinars in the field of lighting, and for educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

DD.   CREE: USPTO Reg. No.: 4,787,288, Registered August 4, 2015, for shipping of lighting goods, and controls and accessories therefor.

## Defendants' Wrongful and Infringing Conduct

24.   Plaintiff has never authorized or consented to Defendants' use of Plaintiff's CREE® Trademarks, or any confusingly similar marks, by Defendants, nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, advertise, offer for sale, market, or distribute any CREE® products.

25.   Plaintiff manufactures a wide variety of LEDs, including several lines of premium products which are used in the manufacture of premium flashlights.

26.   Particularly in light of the success of Plaintiff and Plaintiff's products, as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities that wish to take a free ride on its goodwill, reputation and fame.  Plaintiff has spent considerable effort and resources to build up its products and marks.

27.   Defendants primarily utilize Internet websites to advertise, promote, and distribute "military tactical flashlights" which falsely advertise that they are manufactured with Plaintiff's components and/or bear Plaintiff's CREE® Trademarks.

28.   Defendants have created numerous Internet websites to falsely advertise, sell, or provide "tactical flashlight reviews" of purported "military grade tactical flashlights," manufactured with "CREE LEDs," which are "only now released to the civilian sector."

29.     On those "flashlight review" websites which compare the rebranded generic flashlights with those of reputable manufacturers, the "reviewer" (an affiliate of Defendants) deems all the flashlights to have similar characteristics and performance, but then falsely claims that, given the price of the "tactical military flashlights" being sold by Defendants, namely the Lumitact, G700, and X700 flashlights, are a "better buy" then those offered by reputable manufacturers, and the counterfeit flashlights are then recommended for purchase over the reputable items.

30.     Defendants import flashlights into the United States of America from The People's Republic of China, then falsely advertise them for sale to consumers as "tactical military grade flashlights" having CREE LED components, and/or actually using the CREE® Trademarks.  Defendants accomplish this by embedding and infringing Plaintiff's CREE® Trademarks into their websites in order to convey quality components, and then use fraudulent endorsements and deceptive statements to generate sales of "tactical military flashlights."

31.     Defendants utilize Plaintiff's CREE® Trademarks, as well as terms which are confusingly similar to Plaintiff's marks, as keywords in their websites in order to appear in Internet search or web browser results.

32.     Defendants utilize Plaintiff's CREE® Trademarks as "Pay Per Click" key terms in order to generate web traffic to their websites, and then repeatedly use CREE® Trademarks within the pages of their websites in order to mislead and deceive prospective purchasers into believing that they are purchasing a flashlight manufactured with genuine CREE® components.

33.     Defendants, in fact, display search results in a format that is likely to, and appears to be, designed to confuse consumers into believing that the resulting listings offer genuine versions of Plaintiff's products and/or are affiliated with, sponsored by, or endorsed by Plaintiff.

34.     Defendants have developed and maintain fraudulent "product review" websites which purportedly provide objective reviews of their "tactical military

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

flashlights," falsely attributing positive attributes and misleading reviews that the "tactical military flashlight" is manufactured with high quality components, and has better performance, is more durable and therefore more valuable.

35.     Defendants have built, maintain and/or utilize numerous websites for the purpose of falsely and deceptively advertising and selling counterfeit "tactical military flashlights," which infringe Plaintiff's CREE® Trademarks, and are purportedly manufactured with genuine CREE®-branded LEDs, including but not limited to:

A.     discount.militarysupplyusa.com

B.     g700flashlights.com

C.     g700ledflashlight.net

D.     g700tactical.com

E.     g700tacticalflashlight.org

F.     g700tacticalmilitaryflashlight.net

G.     ilmg.clickfunnels.com

H.     infinitepowersolutions.com

I.     insider-financialtips.com

J.     insider-financial-tips.com

K.     lumitact.com

L.     lumitact.org

M.     lumitact700.com

N.     lumitactflashlight.com

O.     militarygradereviews.com

P.     militaryflashlightsale.com

Q.     militarysupplyusa.com

R.     nationalprotection.org

S.     nationalprotectionassociation.org

T.     nationlife.net

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

U. nationnow.net

V. navysealflashlight.com

W. patriot-magazine.com

X. protectiontips2016.com

Y. practicalsurvival.net

Z. primitivesurvivors.us

AA. safetycomesfirst.com

BB. savinghomeownerstips.com

CC. survivetomorrow.org

DD. tacticalg700flashlight.com

EE. tacticalg700flashlight.net

FF. tacticalg700flashlight.org

GG. tacticalpractical.com

HH. tacticalx700flashlight.com

II. theg700flashlight.com

JJ. universityofshotguns.com

KK. warrioramerica.com

36.     In order to entice potential victims to visit these deceptive websites, Defendants use the following false claims and deceptive captions on various websites, television channels, and print media, including Yahoo.com, Google.com, Military Channel, Discovery Channel, History Channel, Discovery Science Channel, Wall Street Journal, CNN.com, Fox.com, and other advertising venues, to promote their offerings of "tactical military flashlights" containing counterfeit CREE LEDs:

A. Navy Seal Captain Releases Elite Military-Grade Flashlight To American Public.

B. Why Do You Need This Tool That Is Equipped By Every Navy Seal?

C.      World's Brightest Military Grade Flashlight Now Available To Public"

D.      Navy Seal Flashlight Should Be Banned From Public?

E.      "Terrorist Blinding" Military Flashlight Released To Public

37.    On or about December 15, 2015, Defendants placed an advertisement on the Yahoo.com home page for an "Insane Military Flashlight Selling Out Fast" offering for sale a G700 flashlight with the trademarked CREE name and diamond logo, image below:



Activating the embedded hyperlink within the advertisement results in redirection to the "landing page" of https//products.nationalprotectionassociation.org, a website, based upon information and belief, operated by Defendant ILMG CORPORATION. The item depicted purports to be a G700 flashlight manufactured with a Cree XM-L T6 LED Emitter.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

38.   On   or   about   June   21,   2016,   using   the   website www.tacticalmilitaryflashlight.com, Defendants advertised a "LumiTact G700 Tactical Flashlight."  When the button to check on availability is activated, the user is directed to https://tacticalmilitaryflashlight.com/g700-tactical-military-flashlight-video-page-2/, advertising the G700 Tactical Flashlight, purportedly manufactured with a genuine Cree LED, a true and correct image of the website listing appears below:

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

39. On or about June 21, 2016, from website www.tacticalmilitaryflashlight.com, Plaintiff's investigator ordered two (2) "LumiTact G700 Tactical Flashlights," advertised for sale using CREE® Trademarks at a price of $55 each for the two devices, for a total of $110, paid for by credit card electronic funds transfer. The items arrived at the Canoga Park, California address provided by Plaintiff's investigator. A true and correct copy of the funds transfer documentation, reflecting the seller as Lumitact.com, is listed below:



40. On or about June 24, 2016, Defendants advertised on Facebook.com, at https://www.facebook.com/G700-Military-Flashlight-1146254268725701/, a webpage showing multiple photographs and references to a G700 flashlight bearing the counterfeit CREE® Trademarks, as shown below:



COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

41.     Defendant's Facebook.com webpage for the G700 Military Flashlight, prominently displaying Plaintiff's CREE® Trademarks affixed to the barrel of the flashlight, contains an embedded hyperlink for another website managed by Defendants, http://nationnow.net/index.php/2015/12/02/g700-yt-promo-s/, which resolves to a webpage used by Defendants to advertise and promote the sale of the G700 flashlight.

42.     Using the embedded hyperlink from Defendants' Facebook page which resolves to the webpage offering Defendants' G700 Tactical Flashlight, http://nationnow.net/index.php/2015/12/02/g700-yt-promo-s/, and activation of the "Get Your 75% OFF coupon" button results in redirection to Defendants' website of https//products.nationalprotectionassociation.org/optin8021051, advertising a G700 LED Flashlight purportedly containing a Cree XM-L T6 LED, a true and correct copy of the current website listing appears below:



43.     On August 12, 2016, the "LumiTact G700 Tactical Flashlight," products purchased from Defendants through the website www.tacticalmilitaryflashlight.com, described in detail above, were inspected by

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Plaintiff to determine authenticity. The inspection revealed that the items acquired by Plaintiff's investigator were in fact counterfeit products that had been advertised as being manufactured with genuine CREE® components.  The flashlight products obtained from Defendants, as noted above, did not contain authentic CREE® LEDs. In fact, these flashlights are manufactured with LEDs bearing the brand name "LatticeBright," a Chinese manufacturer of budget lighting components.

44.    By these sales, which Defendants advertise as comprising more than 62,000 units in the past month, and, on information and belief, Defendants violated and continue to violate Plaintiff's exclusive rights in its trademarked materials, goods and services, and use images and marks which are confusingly similar to, identical to, and/or constitute counterfeit reproductions of, Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized products. Defendants' conduct and use began long after Plaintiff's adoption and use of its CREE® Trademarks, after Plaintiff obtained the trademark registrations alleged above, and after Plaintiff's marks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with the intent to cause confusion, tarnish, counterfeit and dilute Plaintiff's marks and products. Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's CREE® Trademarks in the manner complained of here.

45.    Defendants' actions were committed negligently, recklessly, willfully, or in bad faith to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.  By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

46.    Plaintiff has never authorized nor consented to Defendants' use of Plaintiff's CREE® Trademarks, or any confusingly similar marks by Defendants,

nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or distribute any CREE® products.

47.   In committing these acts, Defendants have, among other things, negligently, recklessly, willfully, or in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, counterfeited and diluted Plaintiff's rights in the CREE® Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## **FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks against Defendants ILMG CORPORATION; LUMITACT, INC.; JOHN K. LEWELLEN III a/k/a TREY LEWELLEN; BRYCLEN LEWELLEN; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

48.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

49.   Plaintiff has continuously used its CREE® Trademarks in interstate commerce.

50.   Plaintiff, as the owner of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. § 1114.

51.   Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holder of these

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

CREE® Trademarks.  (*See* **Exhibits "A"** - **"DD"**).

52.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell CREE® products bearing Plaintiff's asserted marks into the stream of commerce.

53.     Defendants negligently, recklessly, willfully, or in bad faith used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit CREE® products bearing the CREE® Trademarks.

54.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered CREE® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit CREE® products bearing the CREE® asserted marks.

55.     Defendants' use and sale of fake and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

56.     Defendants' acts infringe on Plaintiff's exclusive rights and goodwill in the marks, as well as causing confusion or to cause mistake and to deceive.

57.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the CREE® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

- 21 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

58.   Defendants' continued use of Plaintiff's asserted marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants ILMG CORPORATION; LUMITACT, INC.; JOHN K. LEWELLEN III a/k/a TREY LEWELLEN; BRYCLEN LEWELLEN; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

59.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

60.   Plaintiff, as the owner of all common law right, title, and interest in and to the CREE® asserted marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125).  Plaintiff's asserted marks are fanciful, inherently distinctive and/or have acquired distinctiveness.

61.   Defendants have, without authorization, on or in connection with its goods and services, used in commerce marks which are confusingly similar to the asserted marks, and have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

62.   Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately

restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's asserted marks.

63.     On information and belief, the conduct of Defendants has been negligent, reckless, willful, or in bad faith to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

64.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks which are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

65.     Defendants' use and sale of fake, pirated and counterfeit items bearing Plaintiff's asserted marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products.

66.     Defendants' continuing use of Plaintiff's asserted marks constitutes false designation of origin and unfair competition in violation of § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

67.     Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its CREE® products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial.  Plaintiff seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

68.   Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Dilution against Defendants ILMG CORPORATION; LUMITACT, INC.; JOHN K. LEWELLEN III a/k/a TREY LEWELLEN; BRYCLEN LEWELLEN; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

69.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

70.   Plaintiff's asserted marks are distinctive and famous within the meaning of the *Lanham Act*.

71.   Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted negligently, recklessly, willfully, or in bad faith to trade on Plaintiff's reputation and to dilute Plaintiff's asserted marks.  Defendants' conduct is wanton and egregious.

72.   Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

73.   Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

74.    As the acts alleged herein constitute a violation of § 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants ILMG CORPORATION; LUMITACT, INC.; JOHN K. LEWELLEN III a/k/a TREY LEWELLEN; BRYCLEN LEWELLEN; and DOES 1 through 10, Inclusive)**

**[*California Business & Professions Code* § 17200 *et seq*.]**

75.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

76.    By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREE® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq.*

77.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREE® products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

78.    Defendants knew, or by the exercise of reasonable care should have known, that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit products would cause confusion, mistake or

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  deception among purchasers, users and the public.

2      79.    By marketing, advertising, promoting, selling and/or otherwise dealing
3  in and their continuing marketing, advertising, promoting, selling and/or otherwise
4  dealing in counterfeit versions of Plaintiff's marks and products, Defendants
5  intended to and did induce, and intend to and will induce customers to purchase
6  their products by trading off the extensive goodwill built up by Plaintiff in its marks.

7      80.    Upon information and belief, the conduct of Defendants has been
8  negligent, reckless, willful, or in bad faith to cause confusion, or to cause mistake
9  or to deceive, and in disregard of Plaintiff's rights.

10      81.    Defendants' wrongful conduct, as alleged above, has permitted and
11  will permit them to make substantial sales and profits on the strength of Plaintiff's
12  nationwide marketing, advertising, sales and consumer recognition.  As a direct and
13  proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has
14  been and will be deprived of substantial sales of its products in an amount as yet
15  unknown but to be determined at trial, and has been and will be deprived of the
16  value of its trademarks as commercial assets, in an amount as yet unknown but to
17  be determined at trial.  Plaintiff seeks restitution in this matter, including an order
18  granting Defendants' profits stemming from its infringing activity, and its actual
19  and/or compensatory damages.

20      82.    Plaintiff has no adequate remedy at law for Defendants' continuing
21  violation of its rights set forth above.  Plaintiff seeks injunctive relief.

22      83.    Plaintiff further requests a court order that an asset freeze or
23  constructive trust be imposed over all monies and assets in Defendants' possession
24  which rightfully belong to Plaintiff.

25  **<u>PRAYER FOR RELIEF</u>**

26      WHEREFORE, Plaintiff CREE, INC., prays for judgment against
27  Defendants ILMG CORPORATION, LUMITACT, INC., JOHN K. LEWELLEN
28  III a/k/a TREY LEWELLEN, BRYCLEN LEWELLEN, and DOES 1 through 10,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* § 17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any trademark; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiff's reasonable attorney's fees;

15. For all costs of suit;

16. For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff CREE, INC., respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.


DATED: September 12, 2016          JOHNSON & PHAM, LLP


By: __/s/ Christopher D. Johnson_____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
CREE, INC.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**